IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHASITY SPEARS, *et al.*, | * | |
| Plaintiffs, | * | Civil Action No. RDB-18-3383 |
| v. | * | |
| MWR INVESTIGATIONS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiffs Chasity Spears, Gabrielle Spears, and Nahla Spears (collectively, the "Spears" or "Plaintiffs") initially filed this sixteen-count Complaint in the Circuit Court for Baltimore City, Maryland against MWR Investigations, Inc., TCB Pedestal Gardens, LLC, Interstate Realty Management Company, Alexander Security Consultants, LLC, and The Community Builders, Inc. (collectively, the "Defendants"), stemming from the Defendants' alleged failure to provide adequate security at the Pedestal Gardens apartment complex located in Baltimore, Maryland. Currently pending before this Court is the Plaintiffs' Motion to Remand this case back to the Circuit Court for Baltimore City, Maryland. (ECF No. 14.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motion (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Baltimore City, Maryland, but Plaintiffs are not awarded attorney's fees.

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal, and not the party seeking remand, bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

The Plaintiffs' sixteen-count Complaint, originally filed in the Circuit Court for Baltimore City, Maryland, alleges, *inter alia*, violations of Maryland's Declaration of Rights and state law tort and contract claims. (Compl., ECF No. 1-2 at 6-50.) The Defendants argue that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs allege the Defendants violated Plaintiffs' rights under the United States Constitution. (Notice of Removal, ECF No. 1.) Specifically, the Defendants assert that Paragraph 31 of the Complaint references a violation of the United States Constitution and Count III incorporates this allegation and is ambiguously titled "Constitutional Violations." (Defs.' Resp., ECF No. 17.)

It is well established that a plaintiff is "the master of [his or her] claim; he or she may

2

avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 36, 392, 107 S. Ct. 2425 (1987); *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) ("[T]he plaintiff is master of his complaint[,] and [this] generally permits plaintiffs to 'avoid federal jurisdiction by exclusive reliance on state law.'"). Counts I and II of the Complaint bring claims for violations of Maryland's Declaration of Rights, not the United States Constitution, and Count III then alleges a pattern or practice of "constitutional violations."[1] Considering that this Court must "resolve all doubts in favor of remanding the case to state court," *Richardson*, 950 F. Supp. at 701-02, and remand "if federal jurisdiction is doubtful," *Mulcahey*, 29 F.3d at 151, Plaintiffs have chosen to allege only claims under Maryland law and this Court does not have federal subject matter jurisdiction over them. Accordingly, this case is REMANDED to the Circuit Court for Baltimore City, Maryland.

As to the Plaintiffs' request for attorney's fees, a remand order may require the payment of attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney's fees should only be awarded under § 1447(c), however, "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As this Court has explained, "a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court." *Sledz v. Flintkote Co.*, 209 F.Supp.2d

---

[1] In *Prince George's County v. Longtin*, 419 Md. 450, 19 A.3d 859 (2011), the Court of Appeals of Maryland held that the Maryland Constitution recognizes a claim based on a "pattern or practice" violation of the Maryland Constitution, similar to a "*Monell*" claim under federal law recognized in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

3

559, 564 (D. Md. 2002); *Feldman's Medical Center Pharmacy, Inc. v. CareFirst Inc.*, 959 F.Supp.2d 783, 798 (D. Md. 2013). "Whether to award costs and expenses is in this Court's discretion, and there is no presumption either for or against such an award." *Cohn v. Charles*, 857 F. Supp. 2d 544, 549-550 (D. Md. 2012). Although this Court concludes that removal was improper, there is no basis to find that Defendant was objectively unreasonable in seeking removal. Accordingly, Plaintiffs' Motion is DENIED with respect to the request for attorney's fees.

Accordingly, IT IS HEREBY ORDERED this 20th day of December, 2018, that:

1. Plaintiffs' Motion (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, this case will be REMANDED to the Circuit Court for Baltimore City, Maryland, but Plaintiffs are not awarded attorney's fees.
2. This case be and it hereby is remanded the Circuit Court for Baltimore City, Maryland;
3. The Clerk of Court forthwith transmit a certified copy of this Order and the record in this case to the Clerk of the Circuit Court for Baltimore City, Maryland;
4. Defendant MWR's Motions to Extend Time to File a Responsive Pleading (ECF No. 7) and Motion to Dismiss (ECF No. 12) shall remain pending for resolution by the state court after remand;
5. The Clerk of the Court transmit a copy of this Memorandum Order to the Parties and Counsel of record; and
6. The Clerk of this Court shall CLOSE THIS CASE.

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge